## Daniel A. White, Judge &c., *versus* Clement Starr *et al.*

Where a debt to a testator was secured by a mortgage on land, and the administrator with the will annexed took a conveyance to himself, in his private capacity, of the equity of redemption, and settled an administration account charging himself with the amount of the debt, it was *held,* that so long as the decree of the probate court allowing the account remained unreversed, the administrator was concluded from averring, as against legatees, that the debt had not been paid in money and that the mortgaged premises belonged to the estate of the deceased.

Debt on the administration bond of Clement Starr, as administrator, with the will annexed, of John Brown. The bond was dated June 26, 1827. The action was brought against the administrator and his sureties in the bond, for the benefit of legatees. The bond was adjudged to be forfeited and the parties were heard in chancery.

By the report of an auditor it appeared, that the testator died and the will was proved in June 1827. In the inventory was a note signed by one Ashby, dated June 26, 1819, for $ 2000 and interest, secured by a mortgage on a farm in Bradford. Starr, as administrator, took possession of the farm in March 1828, for condition broken, and in April following, Ashby, for a nominal consideration, gave to Starr in his individual capacity, a quitclaim deed of the right in equity to redeem ; an agreement having been previously made between Starr and the assignees of Ashby's property, by which it was agreed that the farm should be relinquished in payment of $ 2000, part of the sum due on Ashby's note. In July 1829, Starr, in his individual capacity, for a nominal consideration, gave a quitclaim deed of the farm to his mother, Ann Brown, the widow of the testator ; in August following, Ann Brown, for a nominal consideration, reconveyed it to Starr, as administrator, by a similar deed ; and in January 1830, Starr, in his individual capacity and as administrator, for a nominal consideration reconveyed it to Ann Brown. In May 1830 Ann Brown died, having devised the farm in trust to be applied to Starr's support, but not to the payment of his debts. In December 1829 Starr settled an administration account in the probate court, in which he

charged himself with the amount of the inventory of the personal estate of John Brown, and credited himself with $ 500 " loss on Ashby's note on mortgage, by agreement with the legatees." After Ashby's release of the equity of redemption, creditors of Starr attached the farm as his property and afterwards recovered judgments on their demands, and levied their executions on the whole of the farm.

The defendants claimed an allowance of $ 1500, on the ground that Starr, in his administration account, had erroneously charged himself with that sum as the value of the farm.

*Saltonstall, Cushing* and *Wildes*, for the defendants, argued that Starr took the farm in fact as administrator, notwithstanding the deed of the equity of redemption purported to be made to him in his private capacity, and consequently it could not be taken in execution for his private debt ; that his first deed to Ann Brown conveyed only the equity of redemption, and her reconveyance to him as administrator had the same effect as if the equity of redemption had been originally conveyed to him in that capacity ; that the second deed to Ann Brown made by him as administrator, was inoperative, being made without a license of court ; and that, for the benefit of his sureties, the account settled by him in the probate court should be considered as still open, so that the farm might be regarded as belonging to the testator's estate, and the administrator be discharged of his responsibility for the 1500 dollars.

*B. Merrill* and *Marston*, for the plaintiff.

*Per Curiam.* The settlement before the probate court is conclusive as to the collection of the 1500 dollars due from Ashby. No fraud is suggested, and what is adjudicated by a court of competent jurisdiction cannot be impeached collaterally, but is binding upon the parties until set aside directly by reversal or otherwise. The administrator had power to receive the debt and discharge the mortgage, and he in effect did so, at least as against the legatees. He is now concluded from averring that the debt was not collected.